# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VIRGINIA ALLEN,

        Plaintiff,

v.                                                                   Case No: 6:17-cv-203-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendants.

# MEMORANDUM OF DECISION

Virginia Allen (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) finding that Claimant's past relevant work included being a hairdresser; 2) applying improper legal standards to three medical opinions; 3) making a finding on Claimant's residual functional capacity ("RFC") that is not supported by substantial evidence; and 4) making a finding on Claimant's credibility that is not supported by substantial evidence. Doc. No. 26 at 21-23, 26-28, 31-34, 37-40. Claimant requests that the Commissioner's final decision be reversed and remanded for further proceedings. *Id.* at 42-43. For the reasons stated below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.       PROCEDURAL BACKGROUND

On October 19, 2012, Claimant filed her SSI application. R. 15. On May 28, 2013, Claimant filed her DIB application. *Id.* Claimant alleges an onset date of December 1, 2010 for

both applications, and she alleges disability due to rheumatoid arthritis and obesity. *Id.*; Doc. No. 26 at 1. Claimant's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ on January 3, 2014. R. 70; Doc. No. 26 at 1. On October 5, 2015, Claimant attended a hearing before the ALJ. R. 490-520. On January 15, 2016, the ALJ issued an unfavorable decision finding Claimant not disabled. R. 15-25. On March 17, 2016, Claimant requested review of the ALJ's decision. R. 10. On December 6, 2016, the Appeals Council denied Claimant's request. R. 5-7. On February 6, 2017, Claimant filed this appeal. Doc. No. 1.

## II.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must take into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations and quotations omitted).

## III.  WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's

handling of medical opinions, "substantial-evidence review ... involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x. 929, 931 (11th Cir. 2013).[1] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x. 960, 962-63 (11th Cir. 2015) (finding that it is reversible error for the ALJ to fail to state weight given to a non-examining physician's opinion). This Court has stated that "reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012).

"The ALJ must state the grounds for his decision with clarity to enable [the court] to conduct meaningful review .... Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[the court] can review [a claimant's] case." *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010). With regard to a claimant's RFC, this means that "the ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work." *Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at * 6 (S.D. Ala. Sept. 4, 2012). *See also Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at * 9 (M.D. Fla. Mar, 27, 2012) ("An ALJ is required to build an accurate and logical bridge from the evidence to his conclusion."). Thus, "the existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached." *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).[2]

## IV. ANALYSIS

On June 3, 2009, Claimant presented to Dr. James Ryan, a one-time examining physician. R. 266. In a treatment note, Dr. Ryan stated the following:

> Arthritis Knee – This arthritis is mild to moderate at the present time. <u>Based on her physical examination and findings, [Claimant] has no restrictions of the upper extremities, but due to the arthritis of the knees, would not be able to perform activities which would require prolonged walking or standing.</u>

R. 268 (emphasis added). On February 23, 2010, Claimant presented to Dr. Nitin Hate, another one-time examining physician. R. 275. Dr. Hate completed a disability evaluation stating:

---

[2] In *Ricks*, this Court stated that the "onus is on the ALJ to provide a clear opinion." *Ricks*, 2012 WL 1020428 at * 9. The Court also stated that "[w]here the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." *Id.* (citing *Johnson v. Barnhart*, 268 F. Supp. 2d 1317, 1321 (M.D. Fla. 2002)).

> [Claimant] will have difficulty in any activities that require prolonged standing, walking, climbing stairs, repeated stooping, and any squatting. She needs ongoing medical care and life style change for serious weight reduction.

*Id.* (emphasis added).

On February 27, 2013, Francisco Gonzalez, a physician's assistant, completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) Form.[3] R. 357-59. Mr. Gonzalez found that Claimant could frequently and occasionally lift and/or carry less than ten pounds and stand and/or walk for less than two hours in an eight-hour workday. R. 357. Mr. Gonzalez found that Claimant is limited in pushing and pulling in the upper and lower extremities and found that Claimant could occasionally balance and crouch. R. 358. Mr. Gonzalez also found that Claimant is limited in reaching in all directions, handling, fingering, and feeling. *Id.*

The ALJ found that Claimant had the RFC to perform light work except that she can occasionally climb ramps and stairs, stoop, and crouch; never climb ladders, ropes, or scaffolds, crawl, or kneel; can frequently reach with both arms; can frequently handle and finger with both hands; and cannot work in environments of concentrated cold, humidity, wetness, or vibration. R. 18. When making his RFC finding, the ALJ summarized the above-referenced medical opinions (the "Opinions") and gave some weight to the same:

> The undersigned assigns some weight to the opinions of Drs. Hate, Ryan, and Gonzalez (*sic*). While the overall conclusion that [Claimant] would have some limitations as a result of her impairments is supported, the undersigned finds that work at the light exertional level with the limitations in manipulative, environmental, and postural activities is more appropriate after considering the treatment records, imaging reports, and findings on physical examinations ….

---

[3] According to the ALJ, Mr. Gonzalez was a "treating provider at Florida Family Physicians." R. 23. The record contains a number of treatment notes from Mr. Gonzalez from February 2012 to April 2013. R. 342-354, 362-375.

> [Claimant] has rheumatoid nodules at the elbows and there was swelling and tenderness in her left knee, wrists, shoulders, hips, elbows, ankles, and hands. Range of motion in her lumbar spine, hips, shoulders, and knees was decreased. X-rays of the knees revealed moderate to severe medial compartment narrowing. Yet, her motor strength was full and her sensation was intact on physical examinations. In addition, imaging of the hands, ankles, and right hip were unremarkable. Further, x-rays of the feet and wrists showed only mild degenerative changes. There is also no evidence that [Claimant] has required repeated hospitalizations, surgery, or prolonged physical therapy for pain in her ankles, knees, wrists, neck, hands, shoulders, hips, elbows, and back since the alleged onset date.
>
> It is reasonable to conclude that [Claimant] should have some limitations as a result of her impairments. However, considering [Claimant's] testimony, the medical treatment records, and the findings and opinions of physicians, [Claimant] retains the ability to perform work activities consistent with the [RFC] determined in this decision.

R. 23-24 (emphasis added) (internal citations omitted). Thus, the ALJ collectively gave some weight to the Opinions and stated his reasons for the same. *Id.* The ALJ did not state the weight given to any specific portion of the Opinions or any functional limitations found therein. *Id.* Instead, the ALJ found that "work at the light exertional level with the limitations in manipulative, environmental, and postural activities is more appropriate …" *Id.*

Claimant argues that the ALJ committed reversible error by failing to explicitly state the portions of the Opinions that he accepted or rejected. Doc. No. 26 at 26-28. Specifically, Claimant argues that "the actual weight accorded to each opinion, the reasons therefor, and how the ALJ arrived at the ultimate [RFC] is unclear." *Id.* at 26. Claimant notes that some limitations found in the Opinions are more restrictive than the ALJ's RFC finding. *Id.* at 26-28. The Commissioner argues that the ALJ articulated specific reasons for giving some weight to the Opinions and substantial evidence supports such reasons:

> As the ALJ explained, to the extent [Mr.] Gonzalez or Drs. Ryan
> and Hate assessed greater limitations than the ALJ accommodated
> in his RFC finding, those opinions conflicted with the treatment
> records, imaging reports, and physical exam findings. Even if the
> ALJ inadequately explained his rationale for assigning some weight
> to the opinions of [Mr.] Gonzalez or Drs. Ryan and Hate, the error
> was harmless because the ALJ considered the opinions in detail, and
> the substantial evidence discussed below supports his rejection of
> the aspects of the opinion evidence that conflicted with his RFC
> finding.

*Id.* at 31.

The ALJ collectively gave some weight to the Opinions. R. 23-24. The Opinions, however, are conflicting and contain functional limitations that were not included in the RFC. R. 23-24. For example, the ALJ found that Claimant has the RFC to perform light work, but Dr. Ryan found that Claimant "would not be able to perform activities which would require prolonged walking or standing." R. 18, 268.[4] Dr. Hate found that Claimant "will have difficulty in any activities that require prolonged standing [and] walking." R. 275. Mr. Gonzalez found that Claimant was able to stand and/or walk for less than two hours in an eight-hour work day and that Claimant was able to occasionally and frequently lift and/or carry less than ten pounds. R. 357. The ALJ also found that Claimant had the RFC to handle and finger frequently with both hands and to reach frequently with both arms, but Mr. Gonzalez found Claimant to be limited in those areas.[5] R. 358.

The above-referenced functional limitations are more restrictive than Claimant's RFC, but the ALJ did not: 1) explicitly state that such limitations were rejected; or 2) incorporate such limitations in the RFC. R. 23-24. The ALJ only stated that his RFC finding was appropriate after

---

[4] "Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing …. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567.

[5] Mr. Gonzalez's findings that Claimant is limited in her upper extremities and that she is limited in reaching, handling, fingering, and feeling contradicts Dr. Ryan's finding that Claimant has no restrictions in her upper extremities. R. 268, 358. The ALJ gave both opinions some weight without addressing this conflict. R. 23-24.

considering Claimant's treatment records, imaging reports, and findings on physical examinations. *Id*. The ALJ failed to explicitly state which of the Opinions' limitations he rejected and failed to correlate specific medical evidence to any rejected functional limitations. *Id.* While it appears that the ALJ rejected the functional limitations mentioned above, he cannot implicitly reject a medical opinion. *See McClurkin*, 625 F. App'x. at 962-63. Thus, without a clear statement from the ALJ either: 1) incorporating Claimant's limitations into the RFC finding; or 2) identifying the specific functional limitations that were rejected and correlating specific medical evidence to those rejected functional limitations, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." *Ricks*, 2012 WL 1020428 at * 9.

The Commissioner argues that the Opinions are not entitled to any special weight or deference because: 1) Drs. Ryan and Hate examined Claimant once; and 2) Mr. Gonzalez is a physician's assistant. Doc. No. 26 at 30. The Court agrees that the Opinions are not entitled to any specific weight or deference. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (noting that a one-time examiner's opinion is not entitled to any specific weight or deference); *Johnson v. Astrue*, No. 3:07-cv-424-J-TEM, 2008 WL 4456749, at *5 (M.D. Fla. Sept. 30, 2008) ("[A] physician's assistant's opinion of disability is not entitled to great weight."). Nevertheless, the ALJ decided to collectively give some weight to the Opinions. R. 23-24. After doing so, the ALJ failed to incorporate certain limitations found therein or to identify which portions of the Opinions were rejected. *Id.* Thus, the ALJ's error does not arise from the weight given to the Opinions, but rather his failure to: 1) explicitly identify any functional limitations that were rejected; and 2) correlate any medical evidence to those specific limitations. Such an error is not harmless because some of the limitations found in the Opinions are more restrictive than Claimant's RFC. *See supra* p. 7.

As noted above, the "onus is on the ALJ to provide a clear opinion." *Ricks*, 2012 WL 1020428 at * 9. "Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." *Id.* (citing *Johnson v. Barnhart*, 268 F. Supp. 2d 1317, 1321 (M.D. Fla. 2002)). Here, because the: 1) ALJ decided to collectively give some weight to the Opinions; 2) Opinions not only conflict with each other but also contain functional limitations that are more restrictive than Claimant's RFC; and 3) ALJ never explicitly identified the portions of the Opinions that he rejected or incorporated such portions in Claimant's RFC, the Court is unable to determine whether the ALJ applied the proper legal standards to the Opinions. *See Hanna*, 395 F. App'x at 636. Given the foregoing, the Court finds remand necessary for the ALJ to provide a more specific discussion on the weight given to the Opinions and the functional limitations found therein. *See Ricks*, 2012 WL 1020428 at * 9. On remand, should the ALJ decide to give any weight to any of the Opinions, he must state the precise weight given to each opinion and the reasons therefor. *See Winschel*, 631 F.3d 1178-79. If the ALJ accepts or rejects any portion of a medical opinion, he must identify those specific portions and explain why such portions were accepted or rejected.[6]

## V. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1) The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2) The Clerk is directed to award judgment in favor of Claimant and to close the case.

---

[6] Because the above-referenced issue is dispositive, there is no need to address the other arguments presented in this appeal. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin*, 625 F. App'x at 963 n. 3 (no need to analyze other issues when case must be reversed due to other dispositive errors). On remand, however, the ALJ should consider Claimant's other arguments.

**DONE and ORDERED** in Orlando, Florida on June 14, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Sarah Harriet Bohr
2337 Seminole Rd
Atlantic Beach, FL 32233

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Michael Calabro
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224